UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:23-cv-01844-SEB-MJD |
| $41,185.00 IN UNITED STATES CURRENCY Clerk's Entry of Default entered on 3/18/2024, | ) ) ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff United States of America (the "Government") initiated this action for civil forfeiture *in rem* of Defendant $41,185.00 in United States Currency (the "Currency"). Pending before the Court is the Government's Motion for Default Judgment. Dkt. 9. For the reasons stated below, the Government's motion is **GRANTED**.

**BACKGROUND**

**I.    Factual Background**

According to the Verified Complaint, traffickers of controlled substances who conduct unlawful trafficking activities through private logistics companies often employ "various techniques to mask their identit[ies], hide the proceeds of their trafficking activities, and conceal the actual location[s] of their residences and/or stash houses." Compl. ¶ 7, dkt. 1. Common indicators of trafficking activity include the use of overnight or express shipping; falsified or incomplete addresses, telephone numbers, and names; excessive external

1

tape and internal packaging to mask the scent of controlled substances and thwart detection by narcotic detection canines; and recipient addresses connected to vacant homes, unknown residences, or co-conspirators' residences.

On June 25, 2021, while conducting a parcel/bulk smuggling interdiction operation at an Indianapolis-based FedEx, law enforcement officers with the Homeland Security Investigations Parcel/Bulk Cash Smuggling Interdiction Task Force (the "Task Force")[1] intercepted a suspicious package (tracking number 7740 9268 6398) (hereinafter "Parcel 6368"). Parcel 6368 was addressed to Irene Licea in Los Angeles, California, from an Oswego, New York, sender named Harley (no last name given).

The Task Force officers concluded that Parcel 6368 was a "suspicious package" because: (1) it was packaged in "a newly bought box" and encased in "extra external tape and a printed label"; (2) it was shipped using priority overnight delivery; (3) it was addressed from an individual's residence to another individual's residence; (4) both the sender and recipient shared the same telephone number; and (5) the sender had no listed surname. *Id.* ¶ 9.

After an IMPD certified drug detection canine gave positive indication to the odor of narcotics, IMPD Officer Gary Hadden ("Officer Hadden") applied for and was granted a search warrant from the Marion County Superior Court authorizing the opening of Parcel 6368. When (unnamed) "law enforcement officers" later executed the search warrant, they

---

[1] Task Force is comprised of law enforcement officers from the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), the United States Customs and Border Protection ("CBP"), and the United States Homeland Security Investigations ("HSI").

discovered a bundled, packing tape-encased t-shirt laid in a bed of foam packing peanuts. Inside the t-shirt, the officers found a taped bundle of bubble wrap, which itself contained a heat- and vacuum-sealed plastic bag holding several bundles of cash (totaling $41,185.00). *Id.* ¶ 12. A second certified narcotics detection canine conducted a search of the Currency and gave positive indication to the odor of narcotics.

Finding that there was probable cause to seize the Currency, ISP Trooper Will Etter took the Currency into custody, where it remained until the Marion County Superior Court issued its July 21, 2022, turnover order authorizing the Currency's subsequent transfer from ISP to federal authorities with HSI.

HSI investigators undertook further investigation into Parcel 6368's sender, Harley, and recipient, Irene Licea, and found as follows: "Harley" was most likely "Harley J. Brinkman," a name associated with Parcel 6368's sender's address and phone number; and Irene Licea was no longer associated with Parcel 6368's recipient's Los Angeles address but instead was connected to a residence located in North Hollywood, California.

On September 30, 2022, the CBP sent a letter (the contents of which we do not know) to Harley at his Oswego, New York, address, requesting a response within thirty days. After thirty days, the CBP received no response.

On October 3, 2022, the CBP mailed a letter to Irene Licea's Los Angeles address. After the letter was returned as undelivered, the CBP issued a second correspondence, this time to the North Hollywood address associated with Irene Licea, requesting a response within thirty days. Thirty days passed with no response.

## II. Procedural History

On October 13, 2023, the Government filed the Verified Complaint for civil forfeiture *in rem*, alleging that the Currency is subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), "because it constitutes: (1) money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act, 21 U.S.C. §§ 841 and 846; (2) proceeds traceable to such an exchange; and/or (3) money intended to be used to facilitate any violation of the Controlled Substances Act," *id.* ¶¶ 18–21; *see also* 21 U.S.C. § 841(a)(1) (stating that it is unlawful for any person to knowingly or intentionally manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance).

The Clerk issued an arrest warrant on October 16, 2023. Dkt. 3. On March 18, 2024, following the Government's request for the entry of default, the Clerk entered default against the Currency. On August 9, 2024, the Government moved for default judgment, dkt. 9, which motion is now ripe for ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 outlines the two stages of a default proceeding: "the establishment of the default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2016). At step one, the plaintiff must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). "[U]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

At step two, the entry of default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff on each cause of action alleged in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The plaintiff's allegations of damages, however, are "not deemed true"; rather, "[t]he district court must . . . conduct an inquiry . . . to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d at 793 (internal citations omitted). Such an inquiry may be accomplished without a hearing, if "the amount is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.

As noted above, default was entered pursuant to Rule 55(a) "against all potential claimants having an interest in" Defendant Currency. Dkt. 7. Thus, all allegations in the Government's Verified Complaint are taken as true for purposes of establishing that the Currency is subject to forfeiture.

## DISCUSSION

Before turning to the Government's entitlement to default judgment, we must first undertake and ensure compliance with the Supplemental Rules to the Federal Rules of Civil Procedure governing Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), which outline the procedure for obtaining a judgment of forfeiture.

I.   **Notice Requirements**

Supplemental Rule G provides that "[a] judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint . . . ." Suppl. R. G(4)(a)(i). One such permissible means of publication is to

5

"post[ ] a notice on an official internet government forfeiture site for at least 30 consecutive days." Suppl. R. G(4)(a)(iv)(C). Consistent with Rule G, the Government here posted notice of this action on the official internet website, www.forfeiture.gov, for a period of thirty consecutive days from October 14, 2023, through November 12, 2023. Gov't Aff. ¶ 3, dkt. 6-1; *id.* at 4–6 (Declaration of Publication and accompanying documentation).

In addition to publication, the government must also "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant . . . ." Suppl. R. G(4)(b)(i). Here, on October 13, 2023, the Government sent written notice by first-class mail and certified mail to potential claimant Harley Brinkman using the Oswego, New York, address printed on Parcel 6368's shipping label. Neither means of delivery was successful. Due to "the lack of personal identifiers for Harley Brinkman," the Government was ultimately "unable to locate the potential claimant." Gov't Aff. ¶ 4, dkt. 6-1.

On October 13, 2023, the Government attempted to effect notice on potential claimant Irene Licea by sending written notice through first-class mail and certified mail to the Los Angeles, California, address listed on Parcel 6368's shipping label: Neither avenue was successful. On December 23, 2023, the Government re-attempted to send written notice to Irene Licea by certified mail, this time utilizing a different Los Angeles, California, address: The certified mail was delivered successfully. Dkt. 6-1 at 13–14.

As of the date of this order, no verified claims or answers have been filed, and, under Supplemental Rule G(5), the time for doing so has passed. Accordingly, we find that the

Government satisfied its obligation, pursuant to Supplemental Rule G(4), of notifying potential claimants of this civil forfeiture action.

## II.    Entry of Default Judgment

The Government asserts that the Currency is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6) because it was used or intended to be used in exchange for controlled substances; represents proceeds of trafficking in controlled substances; or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846. To establish that the Currency "was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," the Government must demonstrate, by a preponderance of the evidence, "that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c); *accord United States v. Arroyo*, 75 F.4th 705, 710 (7th Cir. 2023).

The Government has set forth sufficient circumstantial evidence to support a finding that a substantial connection exists between the Currency and illegal drug trafficking. As described in the Verified Complaint, on June 25, 2021, the Task Force intercepted Parcel 6368 based on several indicators consistent with common drug-trafficking practices, including, but not limited to, the use of priority overnight shipping, the presence of excessive exterior tape, and the absence of the sender's surname. Compl. ¶¶ 7, 9, dkt. 1; *see also United States v. Walton*, 827 F.3d 682, 687 (7th Cir. 2016) ("Officers may rely on their experience to make inferences from and deductions about the cumulative information available.") (internal quotation omitted). Parcel 6368's contents ($41,185.00 in cash, organized in large bundles and packaged inside a heat- and vacuum-sealed bag, bubble wrap,

packing tape, a t-shirt, and foam packing peanuts) as well as the positive alerts to the odor of narcotics by two certified narcotics canines demonstrate, by a preponderance of the evidence, a substantial connection between the Currency and unlawful drug trafficking activities. Thus, the Government has established that the Currency is subject to forfeiture.

Accepting the Government's well-pleaded allegations as true and finding that no claimant with a valid interest has filed a claim within the requisite period, we conclude that the Government is entitled to default judgment in the amount of $41,185.00. *See* Suppl. R. G(5).

### III. Certificate of Reasonable Cause

In addition to the entry of default judgment, the Government requests issuance of a certificate of reasonable cause, pursuant to 28 U.S.C. § 2465, which provides that, "[u]pon entry of a judgment *for the claimant* . . . [and] if it appears that there was reasonable cause for the seizure . . . , the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution . . . ." 28 U.S.C. § 2465(a) (emphasis added).

Because judgment is being entered *for the Government*—not a prevailing claimant—§ 2465(a) is, by its very terms, inapplicable. *See United States v. Mach. Gun 30.06*, 904 F. Supp. 622, 639 (N.D. Ohio 1995) (stating that "§ 2465, on its face, applies only to actions in which 'judgment' has been entered for the claimant"); *United States v. Eighty-Seven Gold Bars & Coins*, No. LA CV23-02935-JAK-MRW, 2023 WL 6469547, at *9 (C.D. Cal. Sept. 18, 2023) (denying government's request for issuance of certificate of

8

reasonable cause where judgment was entered in government's favor). The Government's request for a certificate of reasonable cause is therefore denied.

## CONCLUSION

For the reasons stated above, the Government's Motion for Default Judgment is **GRANTED**. Dkt. 9.

The Clerk is hereby **ORDERED** to enter default judgment in favor of Plaintiff United States of America.

Defendant $41,185.00 in United States Currency is hereby **FORFEITED** to the United States of America; and, as such, no right, title, or interest in Defendant Currency shall exist in any other party.

The United States is **ORDERED** to seize Defendant Currency and dispose of it according to law.

Final judgment shall issue by separate entry.

IT IS SO ORDERED.

Date: 2/7/2025

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Traci Marie Cosby
DOJ-USAO
Traci.Cosby@usdoj.gov

Irene Licea
5820 South Van Ness Avenue
Los Angeles, CA 90047